## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **TERESA LYNN L,**[1] | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 21-1204-JWL** |
| **KILOLO KIJAKAZI,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security

denying Disability Insurance Benefits (DIB) pursuant to sections 216(i) and 223 of the

Social Security Act, 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act).  Finding no error

in the Administrative Law Judge's (ALJ) decision, the court ORDERS that judgment

shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the

Commissioner's final decision.

I.      **Background**

Plaintiff protectively filed an application for DIB on December 16, 2014.  (R.

211).  She alleges a disability onset date of September 13, 2014, and her date last insured

---

[1] The court makes all its "Memorandum and Order[s]" available online.  Therefore, in the interest of protecting the privacy interests of Social Security disability claimants, it has determined to caption such opinions using only the initial of the Plaintiff's last name.

(DLI) is December 31, 2015, resulting in a relevant period to prove disability of almost sixteen months between those two dates.  Id., at 812, 841-42.  In a prior action, this court found error in the ALJ's first decision and remanded for further consideration of the evidence.  (R. 884-96).  In the proceedings after remand, the ALJ once again found Plaintiff not disabled at any time between her alleged onset date, September 13, 2014, and her date last insured, December 31, 2015.  Id.  827.  Plaintiff filed this case seeking judicial review of the Commissioner's decision after remand pursuant to 42 U.S.C. § 405(g).  Plaintiff claims the ALJ violated Social Security Ruling (SSR) 16-3p by failing to address her allegations of migraine-related limitations.

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  "Substantial evidence" refers to the weight, not the amount, of the evidence.  It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). Consequently, to overturn an agency's finding of fact the court "must find that the

evidence not only <u>supports</u> [a contrary] conclusion, but <u>compels</u> it." <u>I.N.S. v. Elias-Zacarias</u>, 502 U.S. 478, 481, n.1 (1992) (emphases in original).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." <u>Bowman v. Astrue</u>, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting <u>Casias v. Sec'y of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991)); <u>accord</u>, <u>Hackett v. Barnhart</u>, 395 F.3d 1168, 1172 (10th Cir. 2005); <u>see also</u>, <u>Bowling v. Shalala</u>, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues <u>de novo</u>, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting <u>Harrell v. Bowen</u>, 862 F.2d 471, 475 (5th Cir. 1988) (brackets in <u>Bowling</u>)).   Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. <u>Gossett</u>, 862 F.2d at 804-05; <u>Ray v. Bowen</u>, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 404.1520; <u>Wilson v. Astrue</u>, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing <u>Williams v. Bowen</u>, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." <u>Wilson</u>, 602 F.3d at 1139 (quoting <u>Lax</u>, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or

equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC).  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, she is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC previously assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).  The court addresses the error alleged in Plaintiff's Social Security Brief.

**II.   Discussion**

Plaintiff claims the ALJ violated the requirements of SSR 16-3p and the holding of Brownrigg v. Berryhill, 688 F. App'x 542, 546 (10th Cir. 2017) "by failing to give any specific reasons supported by the evidence for her assessment of [Plaintiff]'s allegation that she needed to lie down in a dark room during migraines" or to "explain[] how the ALJ assessed [her] allegations of migraine-related limitations."  (Pl. Br, 10).  She argues

4

the ALJ here did not recognize Plaintiff's allegation of migraine-related limitations, leaving her explanation in this case even more deficient than was the ALJ's explanation in <u>Jamie N. v. Saul</u>, Civ. A. No. 20-1164-JWL, 2021 WL 2454427, at *4-5 (D. Kan. June 16, 2021) where "this court held that an ALJ must do more than simply cite evidence and draft a conclusory statement that [the medical] records were inconsistent with disabling symptoms." (Pl. Br. at 11). She argues that "while the ALJ in <u>Jamie N.</u> provided a summary of the medical evidence related to the impairment in question, the ALJ's RFC assessment in this case included little discussion of migraines at all, let alone an explanation for her consideration of alleg[ed] limitations." <u>Id.</u> Plaintiff acknowledges "the ALJ provided detailed paragraphs addressing her consideration of the effects of lupus, Sjogren's syndrome, and the need for a cane, [but argues] she did not detail her consideration of migraine-related limitations." <u>Id.</u> at 12. Plaintiff argues the ALJ's reliance on daily activities mischaracterizes the evidence and her daily activities were not inconsistent with her allegations of migraine-related limitations." <u>Id.</u> at 14. She argues that the record evidence is consistent with her allegation she needs "to lie down in a dark room during a migraine two to three times a week for twelve to twenty-four hours" and contains no evidence contradicting her allegations. <u>Id.</u> at 15. She concludes by arguing,

> Tenth Circuit law does not require the ALJ to perform a factor-by-factor analysis of a claimant's credibility. <u>See</u> <u>Qualls v. Apfel</u>, 206 F.3d 1368, 1372 (10th Cir. 2000). However, the Commissioner does require the ALJ to consider a claimant's allegations and explain why those allegations are either consistent or inconsistent with the record. SSR 16-3p, 2016 WL 1119029, at *9.

<u>Id.</u> at 16.

5

The Commissioner argues, "The ALJ explicitly discussed Plaintiff's reported headache symptoms" and "gave three well-supported reasons for concluding that Plaintiff's reported symptoms—including headaches—were not as severe as she claimed: (1) her conservative treatment, (2) the effectiveness of her treatment, and (3) her activities of daily living." (Comm'r Br. 8) (citing R. 819-25). She argues the ALJ noted Plaintiff was taking medications for headache and the Commissioner points out Plaintiff had been taking these medications for year and had taken the same dose for the entire time. Id. at 9. She argues the ALJ reasonably inferred from this evidence that Plaintiff's "conditions appeared to be managed with treatment." Id. at 10 & n.5 (citing R. 822 and claiming her argument is not post hoc rationalization because it does not provide a new reason to affirm the ALJ's decision, but points to record evidence supporting the reason given by the ALJ). She argues, "Here, Plaintiff's admitted ability to prepare meals every day—including 'some big meals'—appears facially inconsistent with her reports to the agency that she had two to three migraines every week, each of which required her to lock herself in a dark room for at least a day at a time." Id. at 11 (citing R. 48, 271-72, 311-12). She points to the opinions of the state agency medical consultants as also supportive of the ALJ's finding regarding Plaintiff's allegations. The Commissioner concludes that a hyper-technical analysis is not required and an ALJ is not required to address every limitation alleged by a claimant in evaluating the consistency of a claimant's allegations. Id. at 12 (citing Keyes-Zachary v. Astrue, 695 F.3d 1156, 1169 (10th Cir. 2012); and Bales v. Colvin, 576 F. App'x 792, 800 (10th Cir. 2014)).

In her Reply Brief, Plaintiff claims the Commissioner's "argument as a whole should be rejected as no more than post hoc rationalization further highlighting the deficiencies in the ALJ's decision."  (Reply 2).

## A.      Standard for Evaluating Allegations of Symptoms

The Tenth Circuit has explained the analysis for considering subjective allegations regarding symptoms.  Thompson v. Sullivan, 987 F.2d 1482, 1488 (10th Cir. 1993) (dealing specifically with pain).

> A claimant's subjective allegation of pain is not sufficient in itself to establish disability.  Before the ALJ need even consider any subjective evidence of pain, the claimant must first prove by objective medical evidence the existence of a pain-producing impairment that could reasonably be expected to produce the alleged disabling pain.  This court has stated:  The framework for the proper analysis of Claimant's evidence of pain is set out in Luna v. Bowen, 834 F.2d 161 (10th Cir. 1987).  We must consider (1) whether Claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and the Claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling.

Thompson, 987 F.2d at 1488(citations and quotation omitted).

In evaluating a claimant's allegations of symptoms, the court has recognized a non-exhaustive list of factors which should be considered.  Luna, 834 F.2d at 165-66; see also 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).  These factors include:

> the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

7

Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995) (quoting Thompson, 987 F.2d at 1489).[2]

The Commissioner has promulgated regulations suggesting relevant factors to be considered in evaluating a claimant's allegations of symptoms which overlap and expand upon the factors stated by the court:  Daily activities; location, duration, frequency, and intensity of symptoms; factors precipitating and aggravating symptoms; type, dosage, effectiveness, and side effects of medications taken to relieve symptoms; treatment for symptoms; measures plaintiff has taken to relieve symptoms; and other factors concerning limitations or restrictions resulting from symptoms.  20 C.F.R. §§ 404.1529(c)(3)(i-vii), 416.929(c)(3)(i-vii).

## B.     The ALJ's Relevant Findings

As Plaintiff argues, the ALJ found that Plaintiff's combination of impairments that are severe within the meaning of the Act and regulations includes migraine headaches

_____

[2] Luna, Thompson, and Kepler, were decided when the term used to describe the evaluation of a claimant's allegations of symptoms resulting from her impairments was "credibility determination."  Although that term is no longer used, the applicable regulation never used that term and the procedure for evaluating a claimant's allegations of symptoms has not significantly changed.  Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5,844-01, 5,871 (Jan. 18, 2017) (codified at 20 C.F.R. § 404.1529).  Moreover, the Tenth Circuit held its approach to credibility determination was consistent with the approach set forth in SSR 16-3p. Brownrigg v. Berryhill, 688 F. App'x. 542, 546 (10th Cir. 2017).  Therefore, the three-step framework set out in Luna, based on 20 C.F.R. § 404.1529 (2017) is still the proper standard to be used as explained in the regulations in effect on September 9, 2020, when this case was decided. Nonetheless, to the extent that, and only to the extent that "subjective measures of credibility that are peculiarly within the judgment of the ALJ;" Kepler, 68 F.3d at 391; relate to an examination of a claimant's character, it is specifically prohibited by SSR 16-3p, and is no longer a valid factor to be considered.

and occipital headaches.  (R. 815).  The ALJ found Plaintiff is able to perform a range of light work limited by restrictions (as relevant here) from climbing ladders, ropes, and scaffolds; from more than occasional exposure to extreme cold, heat, and vibration; from all exposure to hazards such as unprotected heights and machinery with moving mechanical parts; from all exposure to bright lights (defined as bright sunlight, stage lighting, and strobe lighting); and to low stress work involving no more than occasional decision-making and changes in the work setting.  Id. at 819.

She found Plaintiff's allegations of "symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Id. 820.  She found "the objective medical evidence does not support the claimant's allegations of disabling impairments" and consequently it was "necessary to consider the evaluation factors from Ruling SSR 16-3p along with the record as a whole in order to determine whether the claimant is as limited as she has alleged." Id.  She stated,

> the pivotal question is not whether such [alleged] symptoms existed, but whether those symptoms occurred with such frequency, duration or severity as to reduce the claimant's residual functional capacity or to preclude all work activity on a continuing and regular basis.  Bearing this in mind, the undersigned finds that restricting the claimant to performing the range of work described [in the RFC assessed] adequately addresses the location, duration, frequency, and intensity of the claimant's alleged symptoms as well as precipitating and aggravating factors.

Id.

The ALJ noted the record showed Plaintiff received treatment for a number of medical conditions but that "the record during the relevant period is rather limited." Id.

at 821.  She also noted the Plaintiff was examined during the relevant period on June 22,

2015, by Dr. Rump and reported a history of headaches.  (R. 821).  She stated, "The

claimant reported a history of headaches, but she is on medication:  Topamax for

prophylaxis and Sumatriptan for acute onset."  Id. at 822 (citing Ex. B14F/1, R. 602).

The ALJ noted that Plaintiff's consultative and rheumatology

> examinations did not show any significant functional limitation.  Her
> impairments required the claimant to avoid unprotected exposure to direct
> sunlight, but otherwise her conditions appeared to be managed with
> treatment.  Her medical conditions were not so symptomatic that they
> prevented her from doing her activities of daily living independently.

Id.  The ALJ found that despite discoid lupus erythematosus and Sjogren's syndrome

> there is little support in the record for her allegation of significant
> debilitating joint pain.  The record indicates that the claimant's lupus was
> treated with Plaquenil and daily folate supplements, although it does
> require her to avoid more than occasional exposure to extreme heat and
> sunlight.  Her c-reactive protein was in the normal range, and her
> examinations revealed no inflammatory changes in her joints and normal
> ranges of motion.

Id. (citations omitted).

At the end of her summary of the evidence regarding physical impairments, the

ALJ concluded, "The claimant's complete treatment records do not document the

limitations she subjectively alleges or otherwise establish functional limitations that

would preclude the range of light exertion established in the residual functional capacity,

above."  Id.

The ALJ explained her evaluation of and determination to accord great weight to

the opinions of the state agency medical consultants, Dr. Parsons and Dr. Listerman.

Their opinions are well supported with thorough explanation and are consistent with the record discussed above showing radiculopathy and, at times, positive straight leg raise testing, lower extremity weakness, decreased sensation, impaired balance, fatigue, and right upper extremity ulnar neuropathy.  However, the undersigned finds the claimant is further limited in her ability to tolerate bright lights due to her lupus and headaches.  The residual functional capacity in this decision is more limiting based upon additional medical evidence of record and testimony. Given the claimant's history of nerve disorders of the right arm and her history of lupus, additional limitations of only the frequent performance of tasks involving gross and fine manipulation with the dominant right hand and no more than occasional exposure to extreme heat and sunlight have been included.  Moreover, she is provided with an opportunity to alternate positions to avoid exacerbating her low back disorder and radiculopathy. Thus, this assessment is more restrictive than that of the State [sic] agency medical consultants but is more consistent with the record as a whole.

Id. at 823.

The ALJ concluded her RFC assessment:

In sum, the above residual functional capacity assessment is supported by the evidence as a whole and there is no medical opinion in the record supporting greater limitations than those adopted herein.  The claimant's subjective complaints are not entirely consistent with the medical evidence and other evidence in the record.  The undersigned finds the claimant has not been deprived of the ability to perform work subject to the residual functional capacity assessed by this decision for any 12-month period since the alleged onset date.

(R. 825).

### C.      **Analysis**

As a preliminary matter it is important to recognize that Plaintiff's argument

throughout misapprehends both the burden of proof in a Social Security disability case

and the applicable legal standard for evaluating a claimant's allegation of symptoms.  At

all times through the step four evaluation, it is the claimant's burden to prove that she is

unable to perform her past relevant work.  Blea, 466 F.3d at 907; Dikeman, 245 F.3d at

1184; <u>Williams</u>, 844 F.2d at 751 n.2.  Only at step five of the sequential evaluation

process does it become the Commissioner's burden to show that there are other jobs in

the economy which are within the RFC assessed between steps three and four—when the

burden of proof is the claimant's.  <u>Id.</u>; <u>Haddock</u>, 196 F.3d at 1088; <u>see also</u>, 20 C.F.R.

§§ 404.1520(e), 416.920(e), 404.1545(a)(5), 416.945(a)(5).  Thus, if the claimant

believes the RFC assessed is not sufficiently restrictive she must point to record evidence

which compels more restrictive limitations.

Plaintiff also appears to argue that an ALJ must point to record evidence

demonstrating the error in each limitation alleged by a claimant.  Were that the case, it

would place the burden on the Commissioner to prove that a claimant did not have the

symptoms alleged or at least that the symptoms alleged were not disabling.  Rather, it is

the claimant's burden to prove that she cannot perform her past relevant work and that

her limitations are disabling.  In evaluating a claimant's allegation of symptoms, an ALJ

need only explain her rationale for discrediting a claimant's allegations and the

inconsistencies she relied upon in making that determination.  The question for the court

then becomes whether the rationale given is reasonable and supported by the evidence

and whether the evidence relied upon is "such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion."  <u>Perales</u>, 402 U.S. at 401.

The ALJ found Plaintiff's "conditions appeared to be managed with treatment"

and did not prevent "her from doing her activities of daily living independently."  (R.

822).  These findings are made in the paragraph immediately following her finding that

although Plaintiff reported a history of headaches she is on treatment, both prophylactic

12

and for acute onset.  (R, 822).  Moreover, the ALJ found Plaintiff's "complete treatment records do not document the <u>limitations she subjectively alleges</u> or otherwise establish <u>functional limitations</u> that would preclude the range of light exertion established in the" RFC assessed.  <u>Id.</u> (emphases added).  Plaintiff does not point to treatment records demonstrating functional limitations greater than those in the RFC assessed, but points to her allegation of "the need to lie down in a dark room during a migraine two to three times a week for twelve to twenty-four hours."  (Pl. Br. 15).  However, the whole purpose of evaluating a claimant's allegation of symptoms is to determine if they are consistent with the other record evidence.  All the evidence Plaintiff cites when arguing the record is consistent with her allegations is her reports or explanations—her allegations.  <u>Id.</u> (citing R. 345, 602).  Regarding her activities off daily living, Plaintiff argues the ALJ ignored the limitations she described in her daily activities and that "her activities were not so robust as the ALJ asserted."  <u>Id.</u> at 14.  However, the ALJ did not assert that her activities were "robust" or that they were extensive.  Rather, she asserted Plaintiff was able to perform them independently.  Plaintiff cites no daily activities she required assistance to perform.  Moreover, Plaintiff is incorrect when she asserts none of her "reported daily activities were inconsistent with her allegations of migraine-related limitations."  <u>Id.</u>  As the Commissioner's brief points out, making meals of sandwiches and frozen food and making "larger meals every other day," <u>id.,</u> is inconsistent with an alleged "need to lie down in a dark room during a migraine two to three times a week for twelve to twenty-four hours."  <u>Id.</u> at 15.

These inconsistencies and others (little support for allegations of joint pain, no inflammatory changes, normal range of motion), noted by the ALJ in her decision, are supported by the record evidence and are "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Perales, 402 U.S. at 401. Plaintiff does not point to record evidence compelling a different result. As the Commissioner noted, the burden of proof to demonstrate the severity of her allegations of symptoms is on the claimant and an ALJ need not address every limitation when evaluating the consistency of Plaintiff's allegations with the evidence as a whole. Keyes-Zachary, 695 F.3d at 1169 (although "the ALJ did not explicitly state 'I find this statement credible' or 'I find this statement not credible' for each factual assertion," the evaluation was sufficient); Bales v. Colvin, 576 F. App'x at 800 ("an ALJ is not required to 'identif[y] any specific incredible statements,' so long as the ALJ 'indicat[es] to what extent [s]he credited what [the claimant] said when determining the limiting effect of [the claimant's] symptoms.'" (internal citation omitted)).

This court's decision in Jamie N. does not require a different result. In Jamie N. the ALJ accepted the claimant's allegations of "multiple bowel movements on a daily basis, problems with food digestion, gastric bleeding despite surgery in November 2018, and occasional incontinence" but did not explain how he found multiple bowel movements and occasional incontinence would fit within the allowance for normal breaks approximately every two hours. 2021 WL 2454427 at *5. Because the claimant's allegations might be susceptible of being disabling or not disabling, it was necessary to explain why the ALJ found them not disabling. Id. at *5-6. Because he did not do so, the

14

court found remand was necessary.  <u>Id.</u> *6.  Here, on the other hand, as discussed above the ALJ explained her reasons for discounting Plaintiff's allegations.

**IT IS THEREFORE ORDERED** that that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated August 11, 2022, at Kansas City, Kansas.


<u>s/ John W. Lungstrum</u>
**John W. Lungstrum**
**United States District Judge**

15